```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA     :

    v.                          :        Criminal No. DKC 14-0316

                                 :

PARAMJIT SINGH AJRAWAT

                                 :

                            ******

## MEMORANDUM AND ORDER

Defendant Paramjit Singh Ajrawat filed a motion for release pending appeal pursuant to 18 U.S.C. § 3143(b). (ECF No. 138). The Government opposes the motion. (ECF No. 144). No hearing is necessary. For the following reasons, the motion will be denied.

The pertinent statute, 18 U.S.C. § 3143(b)(1), provides that a sentencing judge:

> shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in

>   (i) reversal,
>
>   (ii) an order for a new trial,
>
>   (iii) a sentence that does not include a term of imprisonment, or
>
>   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Government does not contend that the Defendant is likely to flee or present a danger, or that the appeal is for the purpose of delay. It does, however, challenge whether he can show that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, or a sufficiently reduced sentence.

The Defendant has identified two issues he plans to raise on appeal: whether he was properly charged under 18 U.S.C. § 1028A in count 17 and whether the submission of an incorrect typewritten version of the jury instructions was an error affecting the verdict.

The Fourth Circuit stated in *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991):

>   We adopt the procedure first announced in *United States v. Miller*, 753 F.2d 19 (3$^{d}$ Cir. 1985), and subsequently accepted by every other circuit, *see United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). In applying § 3143(b)(2)[now (1)] the court must make two inquiries after finding that the appeal is not taken for the purpose of delay. First, whether the question

>presented on appeal is a "substantial" one. Second, if decided in favor of the accused, whether the substantial question is important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant. *Miller*, 753 F.2d at 23–24.

The court then adopted the definition of "substantial question" in *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985), which is "a 'close' question or one that very well could be decided the other way." The second prong, as explained in *Miller*, 753 F.2d at 23, is as follows:

>For a similar reason, the phrase "likely to result in reversal or an order for a new trial" cannot reasonably be construed to require the district court to predict the probability of reversal. The federal courts are not to be put in the position of "bookmakers" who trade on the probability of ultimate outcome. Instead, that language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal. A question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved. A court may find that reversal or a new trial is "likely" only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.

The Defendant has not made the required showing. It may be that the Aggravated Identity Theft issue presents a substantial

issue, but the sentence on that count is consecutive to the 87 month sentence imposed on the other counts. The first issue, then, does not meet the standard. The problem with the written jury instructions, while regrettable, does not present the kind of substantial issue that is contemplated, nor would it affect all of the counts. The oral instructions were correct, but because of a miscommunication with chambers, an earlier draft of the typewritten instructions was sent in to the jury instead of the final version. That earlier draft had not deleted a portion of the charging language in some of the counts in which the government alleged that the services were not "medically necessary." It was clearly understood during trial that there was no issue concerning medical necessity presented by the evidence. The draft jury instructions did have the correct language in discussing the elements of all charges. The problem with the written jury instructions was discovered in response to a jury question, and the correct final version was promptly sent in, with a note telling the jury that there had been errors in the version they initially received. The jury wanted to know where the issues were so they did not have to compare the versions, and it was told there were typographical errors and errors in the charging language. The jury did not ask anything else about the instructions. Under these circumstances, there does not appear to have been any jury confusion about "medical

necessity."  Moreover, as pointed out by the Government, the erroneous charging language was not in all counts on which the Defendant was convicted.  Only count two as well as counts thirteen-sixteen included the extraneous phrase.  The Defendant was sentenced on other counts to concurrent time.  The second issue neither raises a substantial question, nor would it affect all of the counts giving rise to the sentence of imprisonment.

Accordingly, the Defendant's motion for release pending appeal is DENIED.

                                                     /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge